LEONARD GRIMDITCH, PLAINTIFF-RESPONDENT, v.
THOMAS OLLSON, DEFENDANT-PROSECUTOR.

Submitted May term, 1927—Decided November 25, 1927.

Negligence—Injury From Motor Vehicle Collision—Car Driven
by Friend of Son of Owner—Son Had Authority to Use Car
—Some Proof That Defendant Had Given Permission to
Driver—Held, That Presumption Arising Out of Ownership
was Not so Completely Overcome as to Make the Case One
for the Court Rather Than the Jury—No Error Found in
Admission of Evidence, Nor Can the Verdict be Said to be
Excessive.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK
and LLOYD.

For the rule, *T. Harry Rowland* (*C. Richard Allen,* of
counsel).

*Contra, Henry M. Evans* and *Joseph H. Carr.*

PER CURIAM.

This is the defendant's rule for a new trial. The plaintiff
was injured in a collision between a Ford car, driven by him-
self, and an Oakland car, driven by one Peterson, who, it
was claimed, was the agent of the defendant. The accident,
as found by the jury, was due to the negligence of Peterson.
Both cars were pleasure cars, though that of the defendant
was sometimes used for business purposes. The accident hap-
pened about eight o'clock on the night of April 26th, 1925.
The plaintiff was severely injured and recovered a verdict
of $7,500.

The first reason urged for making absolute the rule is
that the court should have controlled the case, and directed
a verdict in favor of the defendant. We think the court
could not, under the evidence, have so treated the case. The

proofs were that the car was used generally for the pleasure of the defendant and his family, frequently being driven by his son, Anton Ollson, who had the right to use it; that on the night in question the son had taken the car out, having with him Peterson and three girls. Peterson drove the car. In addition to the presumption arising from ownership, that the car was under the control and operation of the defendant, through himself or his agent, there was proof that the defendant had given Peterson permission to drive the car. This we think made a case for the jury, notwithstanding defendant's denial that the car was either used by his permission or that Peterson had been given authority to drive.

The defendant's counsel urge upon us as controlling the case of *Doran* v. *Thomsen,* 76 *N. J. L.* 754, where the daughter was driving a car belonging to the father, and the plaintiff relies on the case of *Missell* v. *Hayes,* 86 *Id.* 348, where the son was driving the car of the father for the enjoyment of the latter's family. Without going into the bearing of these cases on the present situation, it is sufficient to say that in the case before us the presumptions arising from ownership, as above indicated, were not so completely overthrown as to make the disposition of the case one for the court rather than for the jury.

We have examined the ruling of the court on the admission of evidence, next complained of, and find no error therein. Nor do we think the last reason, that the verdict was excessive, will justify making the rule absolute. The plaintiff's injuries were serious. There was a fractured kneecap. It became infected and finally an operation was required. He was in the hospital sixty-one days, and there was proof of much pain, resulting directly from the injuries and also from the manipulation necessary to effect the proper use of the limb. He was unable to work for a period of five months, and at the time of trial, two years after the accident, the knee was still weak and painful. It was less flexible, and its use seriously affected. There was a money loss in wages and expenses of treatment aggregating over $1,000.

The rule for a new trial is discharged.